IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                Petitioner,

    v.

STEVE WATTERS,

                Respondent.

ORDER

08-cv-410-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Raymond K. Hedgespeth, Jr. is a patient confined at the Sand Ridge Secure Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes. He has filed a motion for reconsideration of an order entered by Magistrate Judge Stephen Crocker on August 3, 2008, together with a notice of appeal from the same order. Because the notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice as including a request for leave to proceed <u>in forma pauperis</u> on appeal.

      As an initial matter, I note that this case has been assigned to the magistrate judge because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period. However, until the parties file a consent agreeing that the magistrate judge may preside over all aspects of this case, the magistrate judge does not have authority to deny requests for leave to proceed <u>in forma pauperis</u> on appeal. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

I turn first to petitioner's motion for reconsideration. In the August 3 order, the magistrate judge reviewed petitioner's resident account statement for the six-month period immediately preceding the filing of this lawsuit and assessed petitioner an "initial partial payment" of the $350 filing fee in the amount of $13.75. In addition, he suggested that petitioner was subject to the 1996 Prison Litigation Reform Act, which meant that petitioner would have to pay the remainder of the filing fee in monthly installments even if his request for leave to proceed in forma pauperis was denied. Petitioner points out that he is not a prisoner or subject to the PLRA. In addition, he appears to object to having to prepay any portion of the filing fee.

I agree with petitioner that because he is a patient at the Sand Ridge Secure Treatment Center, he is not a prisoner and therefore not subject to the PLRA. West v. Macht, 986 F.Supp. 1141, 1143 (W. D. Wis. 1997). However, it was not error for the magistrate judge to conclude that petitioner has the means to prepay a portion of the filing fee. As the magistrate judge advised petitioner in an earlier order dated July 22, 2008, this court has adopted the PLRA's formula for determining indigence for all institutionalized persons, even when the PLRA does not apply of its own force. Longbehn v. Reno, 27 F.Supp. 2d 1162, 1164-65 (W. D. Wis. 1998). The magistrate judge correctly calculated $13.75 as the portion of the $350 filing fee Hedgespeth will have to pay as a condition of proceeding in forma pauperis. Moreover, the magistrate judge correctly stated that petitioner will owe the remainder of the fee. Where he erred was in advising petitioner that he would be required to pay the remainder in monthly installments pursuant to 28 U.S.C. § 1915(b)(2). That provision of the in forma pauperis

2

statute applies to prisoners only. Nevertheless, whether or not a litigant is a prisoner, a grant of leave to proceed in forma pauperis does not eliminate the litigant's filing fee debt. All it does is to permit the litigant to proceed without prepaying the full amount. Non-prisoners, unlike prisoners, may pay the remainder in any increments they wish at such time as they can afford to do so. The collection provision in § 1915(b)(2) does not apply to them. Therefore, to the extent that the magistrate judge concluded in his August 3, 2008 order that Hedgespeth is a prisoner subject to the provisions of the PLRA, I am vacating his order. Moreover, because the time for petitioner to pay the $13.75 portion of the filing fee expires on August 21, 2008, I will extend the deadline within which he is to submit his check or money order.

Petitioner should be aware that his payment of a $13.75 prepayment will not end the inquiry whether he may proceed in forma pauperis. Once payment has been received, the court will review the merits of his complaint to determine whether one or more claims must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because petitioner is seeking money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In the meantime, petitioner is not to take any action to serve his complaint on the respondents.

I turn then to petitioner's request for leave to proceed in forma pauperis on appeal. That request will be denied, because I am certifying that petitioner's appeal is not taken in good faith. The court of appeals may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order petitioner seeks to appeal is

3

neither a final order nor an appealable interlocutory or collateral order. See Baird v. Palmer, 114 F.3d 39, 42 (4th Cir. 1997). Because there is no final order from which to take an appeal, I must deny petitioner's motion for leave to proceed in forma pauperis on appeal and certify that his appeal is not taken in good faith.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration is GRANTED in part and DENIED in part. The magistrate judge's August 3, 2008 order is vacated to the extent that the magistrate judge concluded that petitioner is a prisoner subject to the PLRA. However, petitioner must prepay $13.75 of the $350 filing fee as a condition of proceeding in this action in forma pauperis. He may have an extension of time to September 10, 2008, in which to submit a check or money order made payable to the clerk of court in this amount. If, by September 10, 2008, petitioner fails to make the required payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Further, IT IS ORDERED that upon petitioner's payment of the $13.75 he has been directed to pay, the court will screen petitioner's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether the complaint or any portion of it must be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because petitioner is seeking damages from a defendant who is immune from such relief.

Finally, IT IS ORDERED that petitioner's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is denied and I certify that his appeal is not taken in good faith.

Entered this 20th day of August, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge