IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND HEDGESPETH,

                Plaintiff,

      v.

STEVE WATTERS,
Sand Ridge Treatment Center Director,

                Defendant.

ORDER

08-cv-410-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a proposed civil action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983.  Petitioner Raymond Hedgespeth contends that respondent Steve Waters has denied petitioner his right to individual treatment and to due process because of arbitrary policies that deny him access to the Internet and the ability to purchase his own

---

     [1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

computer equipment, video games and movies.  Petitioner is a civilly committed patient who at times relevant to this complaint was housed at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin.  In a previous order, I determined that petitioner was entitled to proceed under the in forma pauperis statute, 28 U.S.C. 1915, and I directed him to prepay a portion of the filing fee, which petitioner has done.

Although petitioner is not a prisoner, a complaint filed by any person seeking leave to proceed in forma pauperis must be screened under 28 U.S.C. § 1915(e)(2).  In performing that screening, the court must construe the complaint liberally.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  However, the court must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.  42 U.S.C. § 1915(e).

I conclude that petitioner's complaint must be dismissed for lack of a case or controversy.  This is because on September 3, 2008, petitioner advised the court that he had been transferred from the Sand Ridge Secure Treatment Center to the Wisconsin Resource Center in Winnebago, Wisconsin, dkt. #9, where he presently remains confined.  He suggests no reason to believe he will be returned to Sand Ridge in the near future.

To satisfy the Article III case or controversy requirement for requests for injunctive and declaratory relief, it must appear that the injury about which the petitioner complains

2

is continuing or that the petitioner is under an immediate threat that the injury complained of will be repeated.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."); Young v. Lane, 922 F.2d 370, 373-74 & n.8 (plaintiffs' requests for injunctive and declaratory relief regarding their exercise of religion are mooted by their transfer from institution where allegedly illegal restrictions took place without a strong showing that they are likely to be transferred back to that institution).   A claim becomes moot when the issues presented are no longer live or the parties lack an interest in the outcome that the law recognizes as actionable.  Murphy v. Hunt, 455 U.S. 478, 481 (1982); Stotts v. Community School Dist. No. 1, 230 F.3d 989, 990 (7th Cir. 2000).  Because petitioner is no longer at Sand Ridge and there is no indication that he will be returned to Sand Ridge, his alleged injuries cannot be remedied by any decision of this court.  Therefore, his complaint will be dismissed without prejudice. Porco v. Trustees of Indiana University, 453 F.3d 390, 394-95 (7th Cir. 2006)("[I]t is well-settled that a federal court 'has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"). In the event that petitioner is returned to Sand Ridge, he may file a new complaint.

However, I will caution petitioner that if he files a new complaint at a later date, he

3

must comply with the requirements of Rule 8, a rule he has ignored in drafting his present complaint in this case.  Rule 8 states in relevant part that:  "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Petitioner's complaint is 29 pages and 192 paragraphs long.  In the complaint, petitioner writes countless pages discussing legal theories about what constitutes property, the importance of electronic media in the current society and his interest in becoming a screenplay writer.  Although I applaud petitioner's efforts to pursue academic and personal gains in his life, this information is neither short nor plain and, more important, it is not relevant in determining whether petitioner's constitutional rights have been violated.  If petitioner chooses to file a future complaint, he should include no more information than:

- ▸ what happened to make him believe his federal rights were violated;

- ▸ who participated in the wrongdoing;

- ▸ when and where the wrongdoing occurred; and

- ▸ how petitioner was injured by the wrongdoing.


ORDER

IT IS ORDERED that petitioner's complaint that respondent violated his right to due process under the Fourteenth Amendment is DISMISSED without prejudice as moot.  The

4

clerk of court is directed to close this case.

Entered this 23rd day of October, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5