IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND K. HEDGESPETH, JR.,

                              ORDER

            Petitioner,

                              08-cv-410-slc[1]

    v.

STEVE WATTERS,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Raymond K. Hedgespeth, Jr. is a patient confined at the Wisconsin Resource Center in Winnebago, Wisconsin pursuant to Chapter 980 of the Wisconsin Statutes. In an order dated October 23, 2008, I denied petitioner's request for leave to proceed in forma pauperis on his claim for declaratory and injunctive relief directed at respondent Steve Watters, who is the director of the Sand Ridge Treatment Center. I reasoned that because petitioner was suing respondent for enforcing policies that allegedly denied him access to the Internet and the ability to purchase his own computer equipment, video games and movies, and because he was no longer subject to those policies by virtue of his move to the Wisconsin Resource Center, he could no longer benefit from any order granting him the relief he sought. Judgment of dismissal was entered the same day. Now

---

[1] Because the parties have not consented to having the magistrate judge preside over all aspects of this case, I am once again assuming jurisdiction over the case to resolve petitioner's request for leave to proceed in forma pauperis on appeal.

petitioner has filed a notice of appeal from that judgment.  Because the notice of appeal is not accompanied by the $455 fee for filing an appeal, I construe the notice as including a request for leave to proceed in forma pauperis on appeal.  Petitioner's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

Under 28 U.S.C. 1915(a)(3), an appeal may not be taken in forma pauperis if the district court certifies in writing that it is not taken in good faith.  The legal precedent cited in this court's October 23, 2008 order denying petitioner's leave to proceed in forma pauperis makes it clear that this court has no authority to issue opinions regarding moot questions such as petitioner's claim for declaratory and injunctive relief against respondent because he is the director of a facility in which petitioner is no longer confined.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") Nevertheless, petitioner has filed a notice of appeal without citing any new law or any improper interpretation of existing law that might affect this court's decision.  Nor does he allege any factual information that might affect his claim, such as that he has been returned to the Sand Ridge Treatment Center.  On the contrary, from the filing of his notice of appeal it is clear that petitioner is still confined at the Wisconsin Resource Center.  Petitioner appears simply to wish to press an argument that the federal courts should consider the merits of his claim despite well-

settled precedent indicating the courts have no authority to do so.  While I understand petitioner's disappointment that he cannot obtain a ruling on the merits of his claim, his appeal of a settled matter would do nothing more than waste limited judicial resources. Therefore, I certify that petitioner's appeal is not taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, petitioner cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.  Petitioner should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline.

ORDER

IT IS ORDERED that petitioner Raymond K. Hedgespeth, Jr.'s request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that petitioner's appeal is not

3

taken in good faith.

        Entered this 6th day of November, 2008.

                      BY THE COURT:

                      /s/

                      _____
                      BARBARA B. CRABB
                      District Judge

4